**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:17-cv-24032-Scola/Torres**

**PATRICIA SUSANA CHAHIN DONADO**
**and all others similarly situated under 29**
**U.S.C. 216(b),**

       **Plaintiff,**

**v.**

**MRC EXPRESS, INC.,**

       **Defendant.**

_____

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT**
_____

Defendant, MRC EXPRESS, INC. ("MRC"), by and through undersigned counsel, moves this Honorable Court for an Order Striking Plaintiff's Affidavit, and in support thereof would respectfully show the Court as follows:

1.      Plaintiff has filed an affidavit as an attachment to its Response in Opposition to Defendant's Motion to Dismiss. See D.E. 13-1.

2.      Defendant's motion was directed at the Plaintiff's initial pleading and was made in part under Rule 12(b).

3.      An affidavit must be made upon the affiant's personal knowledge.

4.      Plaintiff's affidavit is not made upon personal knowledge or is otherwise improper. See D.E. 13-1¶2 ("I affirm that this document was translated in Spanish and that I fully understood the contents of this Affidavit prior to executing same."); ¶3 ("I witnessed other employees who were required to execute a contract/agreement as I was required to

do."); ¶ 6 ("I would often request a copy however I was continuously told to wait [sic] till the following day and nothing ever transpired."); ¶ 8 ("I was told that I need to sign the agreement because they needed it in the office and it could not wait."); ¶10 ("The instant Agreement filed by Defendant with their Motion does not contain specific language that it supersedes the prior contract executed by me during the year 2016, prior to the execution of the instant Agreement attached to Defendant's Motion."); ¶ 11 ("Further, under information and belief, the Agreement attached to Defendant's Motion was an Agreement that all employees were required to sign after the case that was initiated by Delfin Eduardo Sosa against the same Defendant. Under information and belief, Defendant required me and the other employees to execute the Agreement which contained the arbitration clause so as to avoid another lawsuit against them from proceeding in court."); ¶12 ("12. I have attached hereto a sample of a contract/agreement that I was able to obtain from a current co-worker that I believe was the operative contract for Defendant's drivers for all years through to on or about the end of June 2017. ... This further supports my belief that Defendant only added the instant arbitration clause as an attempt to circumvent my right to a jury trial in the court and to force me to arbitrate my case so as to avoid future litigations against them.").

5.     Plaintiff's affidavit contains an improper qualifier that applies to every following paragraph.  See  D.E. 13-1,¶1: "I affirm that the contents of this Affidavit are true and correct and ***to the best of my belief***." [emphasis added].

6.     The document attached to Plaintiff's memorandum as exhibit 2, is not properly authenticated and is not properly before the Court. DE 13-2; 13-1, ¶12.

### MEMORANDUM OF LAW

The problems with the attachments to Plaintiff's responsive memorandum are so voluminous and obvious that the Court should strike it *sua sponte*. However, the defense would be remiss if it failed to address the glaring failures of this filing.

First and foremost, the attachment of an affidavit and exhibits to a memorandum of law in opposition to a Rule 12(b)(6) motion is improper[1]. A motion to dismiss challenges the sufficiency of the pleading. Thus there is some question as to the appropriateness of Plaintiff's affidavit regardless of content.

Rule 12(d) provides that if a defendant were to rely on documents outside of the pleadings, which were not covered by an exception such as a document specifically referenced in the complaint, the motion would be turned into one for summary judgment under Rule 56 FRCP. However, this remedy is not appropriate where the factual assertions are made in a responsive memorandum filed by the plaintiff. Under these circumstances it appears more proper for the court to refuse consideration of the documents or strike them outright. Here, however, the technical issue under various 12(b) standards is the tip of the iceberg of affiant failure. Therefore, Plaintiff's attachments to is memorandum should be stricken or ignored.

---

[1]We note some confusion and disagreement as to the proper mechanism for a motion to dismiss due to an arbitration provision in a contract, but the Third Circuit considers it a 12(b)(6) motion, <u>Palko v. Airborne Express, Inc.</u>, 372 F.3d 588, 597–98 (3rd Cir. 2004). On the other hand, some circuits consider it a 12(b)(1) motion <u>Expeditions, Inc. v. Estate of Lhotka</u>, 599 F.3d. 1102, 1106–07 (9th Cir. 2010); <u>U.S. ex rel. Lighting & Power Servs., Inc. v. Inferface Constr. Corp.</u>, 553 F.3d 1150, 1152 (8th Cir. 2009), and others still a 12(b)(3) motion, <u>Gratsy v. Colo. Technical Univ.</u>, 599 Fed. App'x 596, 597 (7th Cir. 2015).

**An Affidavit's Content Must be Based Upon Personal Knowledge**

Rule 56(c)(4)[2] states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(4), FRCP.  Here, the Plaintiff makes several assertions that are not upon personal knowledge, and moreover, offends the personal knowledge standard with the qualifier in paragraph 1 that the statements are true to the "best of her belief."  The inclusion of the qualifier in paragraph 1, which is by its nature part of every following paragraph is enough on its own to support the striking of the affidavit in full.  See United Bonding Ins. Co. v. Dura-Stress, Inc., 243 So. 2d 244, 246 (Fla. 2d DCA 1971); Hahn v. Frederick, 66 So. 2d 823, 825 (Fla. 1953) ("An affidavit the statements of which are alleged on information and belief is, by the weight of authority, insufficient in any instance where one is required to make affidavit as to the substantive truth of facts stated, and not merely as to good faith. [internal citations omitted]"); Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc., 833 F. Supp. 882, 884 (M.D. Fla. 1993);  Automatic Radio Mfg. Co., Inc. v. Hazeltine Research, Inc., 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312 (1950).

**The Affidavit is Neither in Spanish, Nor a Certified Translation**

Plaintiff's argument in opposition to arbitration is that the Plaintiff cannot read or speak English, and thus did not understand the contract that she was signing.  Aside from

---

[2]With full awareness that this is not a Summary Judgment Motion pursuant to Rule 56, FRCP, the standard supplied by that rule seems applicable and controlling in the absence of further specific direction.

the fact that this would be immaterial[3] , she has submitted an affidavit written in English of which she is swearing to the veracity.   These short-sighted machinations of Plaintiff's counsel cannot be resolved in favor of the Plaintiff.  If she can't read English, then the only means for a properly sworn affidavit would require it to be in Spanish and accompanied by a certified translation.   Huang v. J & A Entm't Inc., 2010 WL 2670703, at *1 (E.D.N.Y. June 29, 2010) ("Specifically, the declaration of the plaintiff Rui Xiang Huang was in English, a language which she does not speak. To be proper, the defendants argued, the declaration should  be  submitted  in  a  language  she  reads  and  understands—in  this  case, Chinese—along with a certified translation into English."); Cables v. SMI Sec. Mgmt., Inc., 10-24613-CIV, 2012 WL 12863144, at *3 (S.D. Fla. Apr. 6, 2012) ("the Court must strike these affidavits from the record. While it appears that each Spanish paragraph has been translated into English, the affidavits are not accompanied by a certification stating that the translations are accurate.").

---

        [3] Chandler v. Aero Mayflower Transit, 374 F.2d 129 (4th Cir. 1967) ("one who signs a contract cannot avoid it on the grounds that he did not read it or he took someone else's word as to what it contained.");Allied Van Lines, Inc. v. Bratton, 351 So.2d 344 (Fla. 1977) ("No party to a written contract can defend against it on the sole ground that he signed it without reading it."); Sabin v. Lowe's of Florida, Inc., 404 So.2d 772 (Fla. 5th DCA 1981) ("Party has a duty to learn and know the contents of a proposed contract before he signs and delivers it, and is presumed to know its contents, terms and conditions."); Security First Federal Savings and Loan Association v. Jarchin, 479 So. 2d. 767 (Fla. 5th DCA 1985)("A party is bound by the language it adopts in an agreement, no matter how disadvantageous that language later proves to be."); Florida Recycling Services, Inc. v. Greater Orlando Auto Auction, Inc., 898 So. 2d 129 (Fla. 5th DCA 2005) ("[C]ourts should give effect to each provision of a written instrument in order to implement the true meaning of the document.").

### On Information and Belief is Not Personal Knowledge

It is well settled that statements in affidavits based "on information and belief" violate the personal-knowledge requirement of Rule 56(c). See Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).  Here, as previously discussed paragraph 1 states to the best of my belief.  Worse yet, paragraph 11 states:

> Further, under information and belief, the Agreement attached to Defendant's Motion was an Agreement that all employees were required to sign after the case that was initiated by Delfin Eduardo Sosa against the same Defendant. Under information and belief, Defendant required me and the other employees to execute the Agreement which contained the arbitration clause so as to avoid another lawsuit against them from proceeding in court.

[DE 13-1], ¶11.

Obviously, that paragraph contains two references to it being made "upon information and belief", which has been specifically held as unacceptable in this Circuit. The Ellis court held, based upon considerable precedent, that statements on information and belief are therefore not within the personal knowledge of the affiant. Id. at 1327; See also Pace v. Capobianco, 283 F.3d 1275, 1278 (11th Cir. 2002);  Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir.2000) ("upon information and belief" insufficient); Fowler v. Southern Bell Tel. and Tel. Co., 343 F.2d 150, 154 (5th Cir.1965) ("knowledge, information and belief" insufficient); Robbins v. Gould, 278 F.2d 116, 118 (5th Cir.1960);  Jameson v. Jameson, 176 F.2d 58, 60 (D.C.Cir.1949) ("Belief, no matter how sincere, is not equivalent to knowledge."); see also Tavery v. United States, 32 F.3d 1423, 1426 n. 4 (10th Cir.1994); Hansen v. Prentice–Hall, Inc., 788 F.2d 892, 894 (2d Cir.1986); Cermetek, Inc. v. Butler Avpak, Inc., 573 F.2d 1370, 1377 (9th Cir.1978).

Paragraph 12 continues this practice of making statements outside of the witness's personal knowledge. It also contains the qualifiers "that I believe was the operative contract" and "further supports my belief that Defendant only added the instant arbitration clause as an attempt to circumvent my right to a jury trial." [DE 13-1]. Obviously these statements are covered by the prior referenced case law. Worse yet, the entire paragraph is Plaintiff's opinion as to what the motivations of the Defendant might have been. Such plain speculation as to an opposing parties intent is improper.[4]

### Multiple Paragraphs Contain Hearsay

Statements in an affidavit containing inadmissible hearsay must be stricken. Hughes v. Amerada Hess Corp., 187 F.R.D. 682, 687 (M.D. Fla. 1999); Gaston v. Home Depot USA, Inc., 129 F. Supp. 2d 1355, 1360 (S.D. Fla. 2001), aff'd sub nom. Gaston v. Home Depo USA, Inc., 265 F.3d 1066 (11th Cir. 2001).

Hughes, much like the Plaintiff here, involved statements about what co-workers told the Plaintiff or otherwise relayed the content of prior conversations. ("Dale Copping told me that he and Larry Collins were told to move the office regardless... I had been told that I would have to wait ...In fact, in the past, I had been told that they wouldn't...".) Id. at 688. This is precisely the type of hearsay presented in Plaintiff's affidavit: ("I was continuously told to wait till the following day" [¶6]; "I was told that I need to sign the agreement because they needed it in the office and it could not wait." [¶8]; "I witnessed other employees who were required to execute a contract/agreement" [¶5]; "the Agreement attached to Defendant's Motion was an Agreement that all employees were required to sign after the

---

[4]It is noteworthy that there is nothing wrong with a company adding an arbitration provision to its contracts after years of learning about the time and expense of litigation.

case that was initiated by Delfin Eduardo Sosa against the same Defendant." [¶11]; "have attached hereto a sample of a contract/agreement that I was able to obtain from a current co-worker that I believe was the operative contract for Defendant's drivers for all years through to on or about the end of June 2017. [¶12].)

Each of the referenced paragraphs contain out of court statements offered to prove the truth of the matter asserted. Paragraphs 5, 6, and 8 all include statements of what the Plaintiff claims she was told by the Defendant or what the Plaintiff told other employees (the act of requiring necessarily includes a statement from one person to another that the task must be performed). Paragraphs 11 is a statement about another lawsuit, which must arise from her being told about it either by this co-worker or her attorneys, and it includes an alleged agreement which exhibit itself is an out of court statement being offered to prove the matters asserted therein. This exhibit is unauthenticated in source and veracity, and while there are obvious suspicions as to its source, these are not necessary to have the statement stricken. Similarly paragraph 12 contains the exhibit as a statement and the implied hearsay statement that a co-worker gave it to her and said what the document was, when it was in effect, and what it contained (since she cannot read it, due to the language barrier).

### Lay Testimony of the Meaning of Contractual Language

It seems unnecessary to continue down this "rabbit hole" of affidavit failure, but we must also point out that the Plaintiff, in addition to testifying on beliefs instead of personal knowledge, providing hearsay statements, and miraculously switching between English language fluency and a complete lack thereof, Plaintiff has gone the extra step of also providing legal interpretation of the meaning of contractual language and educating the

court thereon.  At paragraph 10, Plaintiff states as follows: "The instant Agreement filed by Defendant with their Motion does not contain specific language that it supersedes the prior contract executed by me..." [DE 13-1].

Just two and four paragraphs prior, Plaintiff explained that she does not read or understand English and needed to have the contract translated for her.  She further added that she's never been provided a copy.  However, somewhere between paragraphs 6 and 8, and paragraph 10, Plaintiff got so comfortable with her English fluency as to not only read and understand the English language contract, but to explain the meaning of legal terminology in English[5], including terms of art like "instant agreement."

### Conclusion

Frankly, the affidavit of Plaintiff is a shameful abomination.  It is difficult to discuss the document and its implications further without making serious ethical allegations or otherwise going beyond what the undersigned views as appropriate for a motion of this nature.  The entirety of the affidavit is tinged by the improper qualifiers of being based upon "belief", containing hearsay, providing improper expert testimony, and contradictory language barrier issues.  It is simply beyond repair and nothing of this affidavit can survive to be properly considered by the Court.

---

[5]Plaintiff must have undertaken rigorous study to gain such proficiency just for this litigation, because alternatively, the only explanations are that the prior statements are false or that someone else wrote this affidavit and had the Plaintiff sign it despite her ignorance of the meaning of the contents.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Defendant
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: Dsmith@lrobertsandassociates.com

By:____*/s/ DAVID W. SMITH*_____
        DAVID W. SMITH, ESQUIRE
        Florida Bar No.: 89870

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Defendant
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: Dsmith@lrobertsandassociates.com

By:____*/s/ DAVID W. SMITH*_____
        DAVID W. SMITH, ESQUIRE
        Florida Bar No.: 89870

**SERVICE LIST**

**Notice will be electronically mailed to:**
J.H. Zidell, Esq.
Email: zabogado@aol.com
J.H. Zidell, P.A.
300 71 st Street, Suite 605
Miami Beach, Florida 33141
Tel:    (305) 865-6766
Fax:    (305) 865-7167


*Attorney For Plaintiff*