United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Patricia Susana Chahin Donado, Plaintiff, <br> v. <br><br> MRC Express, Inc., Defendant. | ) <br> ) <br> ) Civil Action No. 17-24032-Civ-Scola <br> ) <br> ) |

### Order on Motion to Dismiss

Plaintiff Patricia Susana Chahin Donado brings this suit, on behalf of herself and all others similarly situated, against the Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 (the "FLSA"). The Defendant has moved to dismiss this case or, in the alternative, stay this matter and compel arbitration (ECF No. 9). For the reasons set for the below, the Court **grants** the Defendant's motion, compels arbitration, and stays this case.

### 1. Legal Standard

The Federal Arbitration Act ("FAA") governs the validity of an arbitration agreement and "embodies a liberal federal policy favoring arbitration agreements." *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014) (internal quotations omitted) (citing *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005)). The FAA provides that a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* (internal quotations and citations omitted). "[T]he FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (internal quotations and citations omitted).

### 2. Analysis

In support of its motion, the Defendant provided a copy of a Purchased Transportation Agreement (the "Agreement") dated July 7, 2017 and signed by the Plaintiff, which governs the terms of the parties' relationship. (Mot. Ex. A, ECF No. 9-1.) The Agreement contains an arbitration clause, which states:

> Except as specifically provided in this Agreement, any and all disputes arising under or relating to the interpretation or application of this Agreement, services or work performed by Contractor, Contractor's labor/subs, or Company, or concerning Contractor's or Contractor labor/subs' relationship with Company, shall be subject to final and binding arbitration and not by way of court or jury trail [sic]. Disputes subject to arbitration shall include, but are not limited to . . . payments, unpaid monies, compensation . . . or premised on any alleged employment relationships, and/or any other claims, whether such claims arise under any contract, agreement, statute . . . or any other source.

(Mot. Ex. A. 7, ECF No. 9-1.)

In opposing the Defendant's motion, the Plaintiff challenges both the scope and validity of the arbitration provision. The Court will address each of the Plaintiff's arguments in turn.

### A.   Scope of the Agreement

The Plaintiff challenges the scope of the arbitration provision by arguing that the Agreement should not apply retroactively to all of the Plaintiff's claims because it was not signed until July 7, 2017. (Resp. 2, ECF No. 13.) Arbitration agreements may apply retroactively in certain circumstances. *Ferriol v. Parrillada Las Vacas Gordas, Inc.*, No. 15-20636, 2015 WL 1968848, at *2 (S.D. Fla. April 30, 2015) (Cooke, J.) (citing *Stewart v. Laidlaw & Co. (UK) Ltd*, No. 11-22846, 2012 WL 280388, at *2 (S.D. Fla. Jan. 31, 2012) (Cooke, J.)). Where an arbitration agreement is not expressly limited to disputes arising out of that agreement, courts generally hold that it applies retroactively. *See, e.g., Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1028 (11th Cir. 1982), *abrogated on other grounds by Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985) (applying arbitration agreement retroactively because "[a]n arbitration clause covering disputes arising out of the contract *or* business between the parties evinces a clear intent to cover more than just those matters set forth in the contract.").

For example, in *Perera v. H&R Block Eastern Enterprises, Inc.*, 914 F.Supp.2d 1284, 1288 (S.D. Fla. 2012), Judge King held that an arbitration agreement that covered "'any and all claims or disputes' between Plaintiff and Defendant that in any way relate to his hiring, employment, or termination" was retroactive because the language was expansive and contained no temporal limitation. Similarly, in *Ferriol v. Parrillada Las Vacas Gordas, Inc.*, Judge Cooke held that an arbitration agreement that applied to "'all

employment-related disputes . . . at present and in the future . . . arising out of, relating to, or resulting from Employee's employment with the Company'" applied retroactively. *Ferriol*, 2015 WL 1968848, at *3. In reaching this conclusion, Judge Cooke noted that the arbitration agreement did not have an effective date, and did "not specify that the parties' employment relations are governed by the terms of an arbitration agreement that commences on a certain date and only applies to a certain time period." *Id.* at *4; *see also Muniz v. Sharp Deal Auto Repair, Inc.*, No. 14-20460, 2014 WL 12609466, at *2-3 (S.D. Fla. July 7, 2014) (Williams, J.) (applying arbitration agreement retroactively where the language of the agreement broadly applied to any dispute arising out of the employee's employment, the agreement did not contain any temporal limitation, and specifically included claims made pursuant to a federal statute within its scope); *Mayfield v. Comcast Cable Commc'ns Mgmt., LLC*, 2015 WL 10173611, at *2 (N.D. Ga. June 19, 2015) (holding that where an arbitration provision is not limited to disputes arising out of that agreement, the time at which a claim arises is not a material inquiry and the arbitration agreement could be applied retroactively);

Here, although the arbitration provision references disputes arising under the agreement, it also broadly references "services or work performed by Contractor." In addition, it specifically states that disputes subject to arbitration include those premised "on any alleged employment relationships . . . whether such claims arise under *any* contract, agreement, statute . . . ." (emphasis added). The Agreement does not have an effective date, nor does it contain any temporal limitations. Therefore, in light of the precedent cited above, the Court finds that the arbitration provision in the Agreement applies retroactively.

### B.  Validity of the Agreement

The Plaintiff attempts to challenge the validity of both the arbitration provision and the Agreement as a whole through several arguments. However, the Agreement provides that arbitration will be subject to the American Arbitration Association's Commercial Arbitration Rules. (Mot. Ex. A. at 7.) The "Commercial Arbitration Rules provide that the arbitrator shall have the power to: "(1) 'rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim'; and (2) 'determine the existence or validity of a contract of which an arbitration clause forms a part . . . .'" *Bey v. XPO Logistics, Inc.*, No. 6:1-v-2195-ORL-37KRS, 2017 WL 3923030, at *1 (M.D. Fla. Sept. 7, 2017) (citing *Commercial Arbitration Rules and Mediation Procedure*, AM. ARB. ASS'N Rule 7(a), (b) (Oct. 13, 2013),

https://www.adr.org/sites/default/files/CommercialRules.pdf); *see also Lee v. Fly Low, Inc.*, No. 15-20572, 2015 WL 12791478, at *3 (S.D. Fla. May 6, 2015) (Scola, J.) (citing *Terminix Int'l v. Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005)). Accordingly, where an arbitration provision incorporates by reference the Commercial Arbitration Rules, federal courts decline to rule on challenges to the validity of the agreement. *See id.*

However, even if the Agreement had not incorporated by reference the Commercial Arbitration Rules, the Plaintiff's arguments would still fail. The Plaintiff first argues that the prohibition on collective actions in the agreement is repressive. (Resp. 9.) However, Plaintiff's counsel raised the exact same argument in opposing a motion to compel arbitration in a different FLSA case before this Court, and the Court explained that "the Eleventh Circuit has held that the enforcement of collective action waivers in arbitration agreements is not inconsistent with the FLSA, and that arbitration agreements containing such waivers are enforceable under the FAA." *Gonzalez v. TAD PGS, Inc.*, No. 17-22261, ECF No. 28 (S.D. Fla. Aug. 4, 2017) (Scola, J.) (citing *Walthour*, 745 F.3d at 1334-37).

Second, the Plaintiff asserts that the arbitration provision requires the Plaintiff to pay attorneys' fees and costs in the event that Plaintiff is not the prevailing party, and will require the Plaintiff to share the cost of the arbitration fees. (Resp. 9-10.) The Plaintiff argues that this will be prohibitively expensive for the Plaintiff and "creates an unreasonable barrier to Plaintiff's assertion of his rights under the FLSA." (*Id.* at 10.) With respect to the fee-sharing provision, the Plaintiff has provided no case law or other persuasive authority that establishes that a fee-sharing provision renders an arbitration agreement unenforceable. Moreover, the Court notes that the cost allocation provision specifically state that the Defendant "reserve[s] the right to pay for any and all arbitration fees if a claim is made that the arbitration fees render the arbitration provision unenforceable." (Mot. Ex. A. at 7, ECF No. 9-1.)

With respect to the attorneys' fees and costs, the Plaintiff misrepresents the terms of the agreement. The agreement provides that:

> The arbitrator will have authority to award attorneys' fees to the prevailing party if a statute or contract at issue in the dispute authorizes the award of attorneys' fees to the prevailing party and the prevailing party requested attorneys' fees . . . unless an award of attorneys' fees would render the arbitration provisions unenforceable.

(*Id.*) The Plaintiff has cited to no provision of the FLSA or any contract that authorizes an award of attorneys' fees to the Defendant in the event that the

Defendant prevails. Therefore, the Plaintiff's argument that the cost allocation provision creates an unreasonable barrier to the Plaintiff's assertion of her rights is unfounded.

Third, the Plaintiff argues that the Agreement's provision that Orlando, FL shall be the venue for any legal dispute is "unconscionable," because she is a Miami resident and worked for the Defendant in Miami, Broward, and West Palm Beach, and will "have to incur expenses related to travelling to Orlando . . . ." (Resp. at 10.) However, the party opposing enforcement of a choice-of-venue provision in a contract "bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The Plaintiff has cited no case law in support of her argument that the choice-of-venue provision is unconscionable, and "[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citations omitted).

Finally, the Plaintiff included one sentence in her response to the motion to compel arbitration that states: "Further, Plaintiff was never provided copies of the agreement(s) she executed and said agreement(s), including the subject Agreement, were translated to her in Spanish, her native tongue." (Resp. 2.) Presumably, the Plaintiff meant to assert that the agreement was *not* translated to her in Spanish. There is no mention of this issue anywhere else in the response. However, attached to the motion is an affidavit signed by the Plaintiff. (Aff., ECF No. 13-1.) The affidavit states, among other things, that the Plaintiff was required to sign the agreement and that she was never given a copy of the agreement. (*Id.* ¶¶ 5-6.) Specifically, the Plaintiff states that she told the Defendant that she does not speak English and wanted a copy of the agreement to take to her daughter to be translated, but that she was told that "it could not wait." (*Id.* ¶ 8.) The Defendant has moved to strike the affidavit (ECF No. 15).

The Court assumes that the Plaintiff's allegation that the agreement was not translated for her is an attempt to challenge the validity of the contract, although the Court notes that the Plaintiff's response does not explicitly state this. However, the Plaintiff has made no effort whatsoever to identify a legal ground to invalidate the contract on the basis of these facts and has cited no case law that would support such a result. Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Medical Center,* 244 F.3d 790, 800 n.10 (10th Cir. 2001) (internal

quotation omitted); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (internal quotation omitted)).

Therefore, since the Agreement incorporates by reference the Commercial Arbitration Rules, and since the Plaintiff's challenges to the validity of the Agreement are unfounded and/or undeveloped, the Court declines to rule on the validity of the Agreement and need not reach the merits of the Defendant's motion to strike the Plaintiff's affidavit.

### 3. Conclusion

Section 3 of the FAA provides that if any suit is brought before a federal court upon an issue that the parties have agreed should be arbitrated, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had . . . ." 9 U.S.C. § 3. The Plaintiff has expressed concerns that if this case is dismissed, the Plaintiff will suffer adverse effects due to the statute of limitations. (Resp. at 12.) The Court interprets the Plaintiff's arguments concerning the statute of limitations as a request to stay this action, rather than dismiss it, and therefore finds it is obligated to stay the case. *See Lloyd v. HOVENSA, LLC.*, 369 F.3d 263, 269 (3d Cir. 2004) ("the plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration"). This is the case even though the Court has found that all of the Plaintiff's claims are arbitrable. *Compare Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005) (affirming the district court's grant of a motion to compel arbitration and dismissal of case where there was no indication that either party applied for a stay), *with Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (finding that the district court erred in dismissing, rather than staying, case subject to order compelling arbitration).

The Court notes that the Plaintiff has also requested that if the case is stayed, that the Court "put express language in the Order that the Plaintiff's statutes of limitation is calculated from the date she originally filed her claims in this District Court," due to the risk that the Defendant may argue at arbitration that the statute of limitations has expired for some of the Plaintiff's claims (Resp. at 12). However, the Plaintiff has provided the Court with no authority that would support such an action.

Accordingly, the Court **grants** the Defendant's Motion to Dismiss or Alternatively to Stay the Matter and Compel Arbitration (**ECF No. 9**). The Plaintiff must submit her claims to arbitration, and this case is hereby **stayed**

during the pendency of the arbitration. The Plaintiff must file a status report on **April 4, 2018**, and every 90 days thereafter, notifying the Court of the status of the arbitration. The Clerk is directed to **administratively close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in chambers at Miami, Florida on January 4, 2018.

_____
Robert N. Scola, Jr.
United States District Judge